UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMAAL BAZEMORE,
    *Petitioner*,

    v.                                        No. 3:19-cv-00496 (JAM)

YADIRA OTERO *et al*.,
    *Respondents*.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Petitioner Jamaal Bazemore is a prisoner of the Connecticut Department of Correction serving a 20-year sentence for robbery. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he alleges that he has been denied his right to early parole eligibility in violation of the Equal Protection Clause. Because I conclude there is a rational basis for the alleged unequal treatment of Bazemore, I will deny the petition for writ of habeas corpus and grant respondents' motion for judgment on the pleadings.

## BACKGROUND

Bazemore alleges that he was convicted in 2005 and sentenced to a 20-year term of imprisonment for robbery conspiracy. Doc. #1 at 2.[1] Bazemore acknowledges that when he committed his crime, Connecticut law required that he serve at least 85% of the sentence

---

[1] The petition does not state the date on which Bazemore committed the crimes for which he was convicted. Although Bazemore alleges that he was convicted of a robbery conspiracy pursuant to an *Alford* plea, Doc. #1 at 2, there is also a reported case in Bazemore's name that reflects an affirmance of his convictions after jury trial for robberies and a robbery conspiracy that occurred in 2003. *See State v. Bazemore*, 107 Conn. App. 441, *cert. denied*, 287 Conn. 923 (2008). The Connecticut Department of Correction website reflects that one "Jammal Bazemore" with inmate number 299200 (the same as listed by Bazemore in his petition) was "admitted" on December 11, 2003, and sentenced on October 18, 2005, to 20 years for "conspiracy," along with an advisory that he may be serving time for additional offenses. *See* Inmate Lookup, *Connecticut Department of Correction*, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=299200 (last accessed Mar. 2, 2020) [https://perma.cc/D9DW-7SWQ]. I assume for purposes of this ruling that Bazemore committed his offenses at some point from 2003 to 2005, and whether he was convicted after trial or pursuant to an *Alford* plea would make no difference to the outcome of this ruling.

1

imposed before he could be released on parole. Doc. #14-1 at 10; *see also Petaway v. Comm'r of Correction*, 160 Conn. App. 727, 729 (2015) (citing Conn. Gen. Stat. § 54-125a(b)).

But Connecticut law changed in 2011 when the Connecticut General Assembly allowed state prisoners to receive "risk reduction earned credits" or "RRECs." *See Breton v. Comm'r of Correction,* 330 Conn. 462, 466-67 (2018) (citing 2011 Public Acts (P.A. 11-51), § 22, as codified at Conn. Gen. Stat. § 18-98e). The 2011 law allowed the Commissioner of Correction, in his or her discretion, to award up to five-days-per-month credit against the length of a violent offender's sentence as well as against the date when the offender would become eligible for a parole hearing. *Id.* at 467. Thus, the 2011 law "clearly treated earned risk reduction credit as an exception to the requirement that a violent offender must serve 85 percent of his or her sentence before becoming eligible for parole consideration." *Id.* at 469 n.5.

In 2013, however, the Connecticut General Assembly reversed course, and cut back on one of the benefits provided by the 2011 law—specifically, to bar the use of RRECs to accelerate a violent offender's date for parole eligibility. *Id.* at 467 (citing P.A. 13-3, § 59). Thus, "under the 2013 amendment, violent offenders are still eligible to earn risk reduction credit to reduce their definite sentence, but that credit is no longer applied to advance their initial parole eligibility date." *Ibid.*

The 2013 law spawned numerous legal challenges from prisoners who wished to retain the benefit of the early-parole-eligibility provision of the 2011 law. As a result, the Connecticut Supreme Court has issued several decisions of consequence to Bazemore's petition in this case.

In *Perez v. Commissioner of Correction*, 326 Conn. 357 (2017), a violent offender who committed his crimes of conviction in 2010 argued that, notwithstanding the 2013 amendment to the 2011 law, he was entitled under the Due Process Clause, the Ex Post Facto Clause, and the

Equal Protection Clause to the benefit of the 2011 law and to have his RRECs used to accelerate his parole eligibility date.

The Connecticut Supreme Court rejected all of these claims. As to the Due Process Clause claim, the Connecticut Supreme Court ruled that Perez had no cognizable liberty interest in the granting of parole, much less a liberty interest in the discretionary award of credits that might advance the date when he could receive a hearing or be considered for release on parole. *Id.* at 370-74; *see also Vega v. Rell*, 2012 WL 1298678 (D. Conn. 2012) (same).

As to the Ex Post Facto Clause claim, the Connecticut Supreme Court ruled that the 2013 law did not have an impermissible *ex post facto* effect because, regardless of the fact that the 2013 curbed the benefits of the 2011 law, the 2013 law did not increase the punishment beyond what could have been imposed against Perez on the date that he committed his crimes in 2010. *See* 326 Conn. at 374-80; *see also James E. v. Commissioner of Correction*, 326 Conn. 388 (2017) (similarly rejecting Ex Post Facto Clause claim from prisoner who committed crimes in 2010 and was sentenced in 2012).

Lastly, as to the Equal Protection Clause claim, Perez argued in relevant part that he was entitled to the same benefits as those offenders who had already been granted parole as a result of the 2011 law's accelerated parole eligibility provision. *Id.* at 382. Applying rational basis review, the Connecticut Supreme Court concluded that there was a rational basis to distinguish between Perez and these other prisoners because of the reliance interests of those who had already received a grant of parole: "The determination by the board that it would not revoke a grant of parole that had already been awarded supports clarity in the administration of parole and also an understanding that revocation of parole due to no action on the part of the offender could

have a negative impact on the offender's rehabilitation and reintroduction into society." *Id.* at 385.

In *Breton v. Commissioner of Correction*, *supra*, the Connecticut Supreme Court considered yet another challenge under the Ex Post Facto Clause to the 2013 law, but this time the challenge was brought by a prisoner who had committed his crimes in late 2011 during the window between the effective dates of the 2011 and 2013 laws. The Connecticut Supreme Court ruled that the 2013 law could not be applied to prisoners convicted during that 2011-2013 window without violating the Ex Post Facto Clause. This was so because the 2013 law effectively increased the maximum punishment beyond what the 2011 law prescribed as of the date that the prisoner committed his crimes. As the Connecticut Supreme Court noted, "federal courts uniformly have held that it is unconstitutional to apply a statute that alters, to the defendant's disadvantage, the terms under which eligibility for [parole] is calculated, if that statute was enacted after the date of the underlying offense." 330 Conn. at 473. The Connecticut Supreme Court also observed that "[i]t is true, of course, that only a relatively small percentage of inmates—namely, those inmates who, like the petitioner, are incarcerated for committing a violent crime between 2011 and 2013—will be affected by our holding today." *Id.* at 485; *see also Garner v. Comm'r of Correction*, 330 Conn. 486, 497 (2018) (re-affirming *Breton* as applied to a prisoner who committed the crime of conviction in 2012).

All in all, the combined actions of the Connecticut General Assembly and the resulting decisions of the Connecticut Supreme Court lead to the following result. Violent offenders who committed a crime during the window between the effective dates of the 2011 and 2013 laws are entitled by reason of the Ex Post Facto Clause to the benefit of the 2011 law and to have any RRECs used to accelerate their parole eligibility date. By contrast, all other violent offenders are

4

not constitutionally entitled to the benefit of the 2011 law and therefore cannot use RRECs to accelerate their parole eligibility date.

Bazemore filed a habeas corpus petition in state court claiming that it was a violation of the Equal Protection Clause and the Ex Post Facto Clause for him not to receive the benefit of the 2011 law that would accelerate his parole eligibility date. The Connecticut Superior Court (Bhatt, J.) ruled on March 4, 2019, that it did not have jurisdiction to consider these claims. *See Bazemore v. Comm'r of Corr.*, No. TSR-CV-19-5000055S (Conn. Super. Ct. 2019); Doc. #1 at 23 (copy of Superior Court ruling). Certification to the Connecticut Appellate Court was denied. Doc. #1 at 11.[2]

Bazemore has now filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that the Connecticut Superior Court erred when it dismissed his claim under the Equal Protection Clause. Doc. #1 at 23-24.[3]

## DISCUSSION

A prisoner who alleges that he is in state custody in violation of the Constitution, laws, or treaties of the United States may seek relief in a federal court pursuant to 28 U.S.C. § 2254. Although petitions under section 2254 are most commonly brought by prisoners who seek to challenge the validity of their conviction or sentence, the Second Circuit has made clear that a state prisoner who seeks to challenge the manner in which his sentence has been calculated or

---

[2] Although Bazemore does not allege that he sought further appellate review, respondents do not argue that Bazemore has failed to fully exhaust his administrative remedies. In any event, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

[3] Bazemore's petition also argues that the Connecticut Superior Court erred in concluding that it lacked jurisdiction. Doc. #1 at 24. Because the scope of state court jurisdiction does not present a question of federal law that is reviewable under 28 U.S.C. § 2254, I will not address this jurisdictional issue.

executed may also proceed by means of a petition under section 2254. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 278-79 (2d Cir. 2003).

Section 2254 provides that when a person is "in custody pursuant to the judgment of a State court," a federal court may not grant a habeas corpus petition "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the petitioner shows that the state court's adjudication of his claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

It is unclear, however, whether this deferential standard of review should apply here because it does not appear that the Connecticut state court's determination of Bazemore's claim involved an adjudication on the merits. The Connecticut Superior Court ruled that it had no "jurisdiction" at all to consider Bazemore's claims and that "[o]ur Supreme Court and Appellate Court have repeatedly held that this court lacks jurisdiction over claims involving an offense date that is prior to the enactment of the RREC statute." Doc. #1 at 23. Accordingly, in the absence of any merits determination by the Connecticut state courts, I will apply a *de novo* standard of review to Bazemore's petition. *See Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001).

Bazemore claims a violation of the Equal Protection Clause. According to Bazemore, he has been denied the right to use RRECs to accelerate his date for parole consideration and he should receive the same right to accelerated parole hearing eligibility as violent offenders who committed their crimes in the window between the 2011 and 2013 laws. I do not agree.

6

The Fourteenth Amendment provides in relevant part that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. As the Supreme Court has recognized, "most laws differentiate in some fashion between classes of persons," and "[t]he Equal Protection Clause does not forbid classifications," but "simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

Equal protection cases generally fall into one of two categories. If the difference in treatment targets a suspect class (such as a class of persons based on race, gender, or religion) or targets the exercise of a fundamental right (such as the right to vote), then a court will subject the government's distinction in treatment to heightened or strict scrutiny. All other governmental classifications need only be supported by a rational basis in order to survive a challenge under the Equal Protection Clause. *See ibid.*; *Winston v. City of Syracuse*, 887 F.3d 553, 560 (2d Cir. 2018).

Rational basis review is highly deferential to the right of the government to treat people differently. So long as there is any reasonably conceivable state of facts that could provide a rational basis for a difference in treatment, then there has been no violation of the Equal Protection Clause. *See Heller v. Doe*, 509 U.S. 312, 320 (1993); *Friedman v. Bloomberg, L.P.*, 884 F.3d 83, 92 (2d Cir. 2017).

Here, there is no basis for heightened or strict scrutiny, and Bazemore concedes that rational basis review should apply. Doc. #14-1 at 12-13. *See McGinnis v. Royster*, 410 U.S. 263, 270 (1973) (applying rational basis review to reject equal protection claim by prisoners who challenged failure to award good-time credit for prisoners in pretrial detention in county jails while affording good-time credit for prisoners in state custody).

There is plainly a rational basis for Connecticut to deny Bazemore the accelerated parole eligibility benefit of the 2011 law while still allowing it for violent offenders who committed their crimes during the two-year window between the effective dates of the 2011 and 2013 laws. When the Connecticut General Assembly enacted the 2013 law, it tried to deny the accelerated parole eligibility date for *all* violent offenders, even those who committed their crimes during the 2011-2013 window. But the Connecticut Supreme Court ruled in *Breton* that the Ex Post Facto Clause bars Connecticut from applying the 2013 law to any prisoners who committed their crimes during the two-year window while the 2011 law was still in effect.

Therefore, the rational basis for the distinction about which Bazemore complains is one of constitutional necessity: Connecticut has no choice but to afford the benefit of the 2011 law to the narrow class of violent offenders who committed their crimes in the two year window between the 2011 and 2013 laws. Yet, as the Connecticut Supreme Court's rulings in *Perez* and *James E.* make clear, the Constitution does not otherwise mandate Connecticut to extend the benefits of the 2011 law to offenders like Bazemore who committed their crimes before 2011.

Thus, there is a rational basis for why some offenders receive a benefit that Bazemore does not, and so there is no violation of the Equal Protection Clause. *See Webb v. Semple*, 2019 WL 2743580, at *4 (D. Conn. 2019) (rejecting same equal protection claim); *Green v. Semple*, 2019 WL 2016779, at *6 (D. Conn. 2019) (same); *cf. Hunt v. Nuth*, 57 F.3d 1327, 1335 (4th Cir. 1995) (legislature had rational basis for statutory distinction that "could have been concerned with avoiding *ex post facto* claims").

Bazemore conclusorily alleges that he has been subject to a "class of one" violation of the Equal Protection Clause. A plaintiff may state a violation of the Equal Protection Clause not only if a governmental classification discriminates between entire classes or groups of people but also

when the government singles out a sole plaintiff as a "class of one" for disparate treatment. *See, e.g.*, *Lanning v. City of Glens Falls*, 908 F.3d 19, 29 (2d Cir. 2018). But Bazemore does not allege any facts to show that he has been singled out for disparate treatment—that there are any other offenders who committed their crimes *before* the 2011 law that continue to receive its benefit. Indeed, as the Connecticut Supreme Court's rulings in *Perez* and *James E.* make clear, offenders like Bazemore who committed their crimes prior to the 2011 law are no longer entitled to use RRECs to accelerate the date for parole eligibility. Bazemore has failed to allege facts to give plausible grounds for relief under a "class of one" theory of a violation of the Equal Protection Clause.

Although it does not appear that Bazemore seeks to pursue a claim under the Ex Post Facto Clause, I will nonetheless address this argument in light of the fact that Bazemore raised this claim in the Connecticut Superior Court and is proceeding *pro se*. Bazemore committed his crimes prior to the enactment of the 2011 law, and the fact that the 2011 law temporarily conferred a benefit that was taken away in 2013 does not trigger a violation of the Ex Post Facto Clause, because the relevant comparison for purposes of the Ex Post Facto Clause is whether the 2013 law imposed a more onerous penalty on Bazemore than what he was subject to in 2003—the date when he committed his crimes, and well before the 2011 law was enacted. *See United States v. Ramirez*, 846 F.3d 615, 619 (2d Cir. 2017). Because the 2013 law did not increase the maximum punishment to which he was exposed when he committed his crimes, there has been no violation of the Ex Post Facto Clause. *See Perez*, 326 Conn. at 374-80; *Green v. Wright*, 2019 WL 7879730, at *8 (D. Conn. 2019).

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus (Doc. #1) is DENIED, and the motion for judgment on the pleadings (Doc. #7) is GRANTED. Moreover, because Bazemore has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of the respondents and to close this case.

It is so ordered.

Dated at New Haven this 2d day of March 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge